UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | |
|---|---|
| H.S. TREASURE CONTACTS LTD<br>AGIOS ILARIONOS 3B<br>PYLA 7081, LARNACA, CYPRUS<br><br>Plaintiff,<br>v.<br><br>SNAP  INC<br> 405 COLRADO STREET<br>AUSTIN, TEXAS<br><br>Defendant | CIVIL ACTION NO. :<br><br><br>1:25-cv-1201 |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff Treasure Contacts, Inc. by its undersigned counsel, alleges as follows for its Complaint against Defendant Snap Inc. ("Snap").

**I.     THE NATURE OF THIS ACTION**

1.     H.S. Treasure Contacts, LTD, brings this action against Snap pursuant to 35 U.S.C. §101 et. seq. and §§271, 281, 283, 284, & 285 inclusive, for infringement of one or more claims of U.S. Patent 8,655,341 ("the '341 patent").  Defendant has been made aware of the '341 patent at least as early as the filing of this suit and continues to infringe.

**II.    THE PARTIES**

2.     Plaintiff H.S. Treasure Contacts, LTD is a Cypres company with an address at: Agios Ilarionos 3B, Pyla 7081. Larnaca, Cypres and is the exclusive owners of all right, title and interest in the assertion, sub-licensing and enforcement of the '341 patent, by license, authorization and agreement from Hiam Boukai and sergey Ost, the named inventors of the '341 patent..

3.     Defendant Snap is a Delaware Corporation with offices at 405 Colorado Street,

1

Austin, Texas 78701. Snap uses, manufactures, offers to sell and sells the accused products throughout the United States, including facilities in Western Texas.

4. Defendant sells the claimed system, and Defendant and customers of Defendant, use the accused products to practice the claimed method of the '341 Patent throughout he United States.

### III. JURISDICTION AND VENUE

5. This is an action for patent infringement arising under the laws of the United States, 35 U.S.C. §271 et seq.

6. This Court has subject matter jurisdiction over this action pursuant to 35 U.S.C. §§271, 281 and 28 U.S.C. §§1331 and 1338(a), federal question.

7. This Court has personal jurisdiction over Defendant Snap under at least Tex. Civ. Prac. & Rem. Code § 17.041 because Defendant is located within this judicial district and has a regular and established place of business in this judicial district at least at 405 Colorado St, Austin, TX 78701.  Defendant is also registered to do business in Texas and may be served via its registered agent, Corporation Service Company Dba Csc - Lawyers Inco At 211 E. 7th Street, Suite 620 Austin, TX 78701.

8. Venue is proper in this Court as against Defendant Snap under 28 U.S.C. § 1400(b) based on information set forth herein, namely Snap's acts of infringement and maintenance of at least one regular and established place of business within this District including at least at 405 Colorado St, Austin, TX 78701.

### IV. BACKGROUND AND GENERAL ALLEGATIONS

9. Haim Boukai and Sergey Ost filed a patent application for their invention which provides a system and method for distribution of mobile applications on mobile devices. Their inventive system was granted the '341 patent. The Snap

10. Defendant Snap provides distribution of the Snapchat application on and between mobile devices using a system and method that infringes the '341 patent.  The Snap Application infringes at least claims 1-18 of the '341 Patent.

11. The Snapchat service infringes at least claims 1 - 18 of the '341 Patent.

12. On February 18th, 2014, United States Patent No. 8,655,341, entitled "Methods for Mobile Phone Applications" was duly and legally issued by the United States Patent and Trademark Office ("USPTO"). The '341 Patent claims patent-eligible subject matter and is valid and enforceable. Haim Boukai is the exclusive owner by assignment of all rights, title, and interest in the '341 Patent, including the right to bring this suit for injunction and damages, and including the right to sue and recover all past, present, and future damages for infringement of the '341 Patent. Defendant is not licensed to the '341 Patent, either expressly or implicitly, nor do they enjoy or benefit from any rights in or to the '341 patent whatsoever. A true and correct copy of the '341 Patent is attached hereto as **Exhibit A**.

13. The '341 Patent is referred to herein as the "Patent-in-Suit." The patent-in-suit is presumed valid under 35 U.S.C. § 282. Patent owner has at all times complied with 35 USC 287.

## V.   THE PATENT

14. The '341 Patent includes both Method and System Claims. The method claims of the '341 patent are directed to "A method for viral distribution of applications on networked mobile devices" The system claims are directed to "A system for viral distribution of applications on networked mobile devices."

15. Claim 1 of the '341 Patent recites:
A method for viral distribution of applications on net worked mobile devices comprising steps of:
a. installing software on said networked mobile devices,
b. reading, by means of said software, some portion of a contact list stored on said networked mobile devices;
c. transmitting said portion of said contact list to a server;
d. Sending invitation to install said software to unregistered users from said portion of said contact list;
e. installing said software on some portion of those net worked mobile devices listed on said contact list upon accepting of said invitation to install said Software;
f. repeating steps b-e for each contact on each of said networked mobile devices, whereby viral distribution of software across a multitude of networked mobile devices is achieved; and
g. providing a server, adapted to provide said Software running on said networked mobile

device working in coordination with said server by means of an applications database, a client's database and an application distribution unit, said client's database being subdivided into registered clients Sub database and unregistered clients Sub database, said applications database including all applications required to be installed in client's mobile networked devices, said application distribution unit being adapted to contact unregistered users in said unregistered clients Sub database to invite some part of said unregistered users to install said software.

16. Claim ten of the '341 patent recites:

> A system for viral distribution of applications on networked mobile devices, comprising:
>
> a. application running on said networked mobile devices,
>
> b. a database storing a contact list of said networked mobile devices;
>
> c. means for sending invitation to install said application on some portion of those networked mobile devices listed on said contact list;
>
> d. installing said application upon accepting of said invitation to install said application;
>
> e. means to repeat steps b-d for each contact on each of said networked mobile devices,
>
> f. a server, adapted to provide said application running on said networked mobile device working in coordination with said server by means of an applications database, a client's database and an application distribution unit residing on said server, said client's database being subdivided into registered clients sub database and unregistered clients sub database, said applications database including all applications required to be installed in client's mobile networked devices, said application distribution unit being adapted to contact unregistered users in said unregistered clients sub database to invite some portion of said unregistered users to install application; and
>
> g. whereby viral distribution of applications across a multitude of networked devices is achieved.

## VI. INFRINGEMENT

17. Defendant makes and provides the Snap application which has an "Add Friends" feature to invite non-Snap users to download and install Snap, thus accomplishing the viral distribution of the application on mobile devices. The Snap application includes components and functionality that infringes claims of the '341 Patent.

4

18. Defendant has, under 35 U.S.C. §271(a), directly infringed, and continues to directly infringe, literally and/or under the doctrine of equivalents, one or more claims of the '341 patent, by making, using, distributing, selling, offering for sale and/or importing into the United States Defendant's Accused Products.

19. Defendant also indirectly infringes the '341 Patent by actively inducing the direct infringement by third parties under 35 U.S.C. §271(b). Defendant has knowingly and intentionally actively induced others to directly infringe at least one claim of the '341 patent by providing software through which its customers practice the claimed methods and by providing infringing systems used by its customers, including Snap Chat subscribers throughout the United States. Defendant continues to induce infringement of the '341 patent.

20. Defendant has contributorily infringed and continue to contributory infringe under 35 U.S.C. §271(c) because, with knowledge of the '341 patent, they supply a material part of an infringing method and/or system, where the material part is not a staple article of commerce, and is incapable of substantial noninfringing use. Defendant contributes to its customers' infringement because, with knowledge of the '341 patent, Defendant supplies the technology that allows its customers to infringe the patent, including allowing Defendant's customers to practice the method claims.

21. Plaintiff has conducted a detailed analysis, establishing and confirming that Defendant's Accused Products directly infringe, contribute to and when used according to Defendant's instructions for operation, indirectly infringe claims of the '341 Patent.

22. Attached as **Exhibit B** to the Complaint is a claim chart demonstrating the correspondence of the operation of the accused products with elements of an exemplary, non-representative, claim of the '341 patent.

23. Defendant and its customers have continued infringement.

24. The accused products satisfy the elements of the asserted claims, shown below is an example of infringing features from Snapchat:

The invention claimed is:
1. A method for viral distribution of applications on net worked mobile devices comprising steps of:

a. installing software on said networked mobile device.




b. reading, by means of said software, some portion of a contact list stored on said networked mobile devices;




c. transmitting said portion of said contact list to a server;

d. sending invitation to install said software to unregistered users from said portion of said contact list



e. installing said software on some portion of those net worked mobile devices listed on said contact list upon accepting of said invitation to install said software;



f. repeating steps b-e for each contact on each of said networked mobile devices, whereby viral distribution of software across a multitude of networked mobile devices is achieved; and



g. providing a server, adapted to provide said software running on said networked mobile device working in coordination with said server by means of an applications database, a client's database and an application distribution unit, said client's database being subdivided into registered clients sub database and unregistered clients sub database, said applications database including all applications required to be installed in client's mobile networked devices, said application distribution unit being adapted to contact unregistered users in said unregistered clients sub database to invite some part of said unregistered users to install said software.



25. Defendant has infringed, and continues to infringe, at least claim 1-18 of the '341 Patent, under 35 U.S.C. § 271(a)(b) and/or (c), by (a) making, using, distributing, offering to sell, selling and/or importing into the United States, systems and methods that infringe the asserted claims and by performing the claimed methods in the United States, (b) by inducing others to use the accused products and/or sell the accused products and to perform the claimed methods in the United States, (c) by contributing to the infringement of others and by selling components of the patented systems and (b & c) by selling a product for performing the patented process. Defendant continues to manufacture, use, offer to sell, sell and import accused products. The accused products are also being used to infringe. Defendant continues to sell accused products inducing and contributing to infringement by others and also continues to perform infringing activity by performing the claimed method in the United States.

26. By engaging in accused activity including making, using, distributing, offering to sell, selling and importing accused products in the United States. Defendant continues to infringe claims of the '341 Patent.

27. Upon information and belief, Defendant has directly infringed one or more of the claims of the '341 Patent under 35 USC 271(a):

> "(a) except as otherwise provided in this title, whoever without authority makes, uses, offers to sell, or sells and patented invention, within the United States or imports into the United States any patented invention during the term of the patent therefor, infringes the patent"

By engaging in accused activity including making, using, distributing, offering to sell, selling, importing and/or practicing the methods of the accused products in the United States. Defendant continues to infringe claims of the '341 Patent.

28. Upon information and belief, Defendant has indirectly infringed one or more of the claims of the '341 Patent under 35 USC §271(b):

> (b) Whoever actively induces infringement of a patent shall be liable as an infringer.

b y providing accused products, with instructions, which are used and/or combined to create a infringing system and/or used to practice the patented methods according to the instructions and thereby inducing others to use the products in an infringing manner.

29. Upon information and belief, Defendant has indirectly infringed one or more of the claims of the '341 Patent under 35 USC §271(c):

> (c) Whoever offers to sell or sells within the United States or imports into the United States . . . or apparatus for use in practicing a patented process, constituting a material part of the invention, knowing the same to be especially made or especially adapted for use in an infringement of such patent, and not a staple article or commodity of commerce suitable for substantial noninfringing use, shall be liable as a contributory infringer.

by providing accused products, and other components and supplies, which are combined, such as with other software and/or as an add-on to systems or programs or otherwise combine to form an infringing system and/or are used in practicing the methods which infringe the claims of the '341 Patent, thus contributing to the infringement of the '341 Patent.

30. Defendant has been willfully infringing the '341 Patent since at least as early as they became aware of the '341 Patent. Upon information and belief, Defendant has no good faith defense to Plaintiff's infringement allegations and have refused to cease selling products. Defendant has intentionally continued their knowing infringement.

31. Defendant does not have a license or authority to use or practice the '341 Patent.

32. As a result of Defendant's infringement of the '341 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

### COUNT III – CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 8,655,341

33. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

34. Upon information and belief, Defendant Snap has indirectly infringed one or more of the claims of the '341 patent under 35 USC §271(c) by providing accused products,

and components and supplies, which are used as components of infringing systems which infringe the claims of the '341 patent, thus contributing to the infringement of the '341 patent.

35. Defendant does not have license or authority to the '341 Patent.

36. As a result of Snap's infringement of the '341 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

**COUNT I – DIRECT INFRINGEMENT OF U.S. PATENT NO. 8,655,341**

37. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

38. Defendant Snap has infringed, and continues to directly infringe, at least claims 1-18 of the '341 Patent, under 35 U.S.C. § 271(a), by making, using, offering to sell, selling and importing the Accused Products in the United States.

39. Defendant does not have license or authority to the '341 Patent.

40. As a result of Snap's infringement of the '341 Patent, Plaintiff has suffered and will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

**COUNT II – INDUCED INFRINGEMENT OF U.S. PATENT NO. 8,655,341**

41. The allegations of each of the paragraphs above are hereby re-alleged and incorporated herein by reference.

42. Upon information and belief, Defendant Snap has indirectly infringed one or more of the claims of the '341 patents under 35 USC §271(b) by providing accused products, with instructions, which are used to practice the patented methods according to the instructions and thereby inducing others to use the products in an infringing manner.

43. Defendant does not have license or authority to the '341 Patent.

44. As a result of Snap's infringement of the '341 Patent, Plaintiff has suffered and

will continue to suffer damages in an amount not yet determined, of at least a reasonable royalty.

## VII.   PRAYER FOR RELIEF

For a judgment declaring that Snap has infringed the '341 Patent.

For a grant of a permanent injunction pursuant to 35 U.S.C. §283, enjoining the Defendant from further acts of infringement;

For a judgment awarding Plaintiff compensatory damages as a result of Defendant's infringement sufficient to reasonably and entirely compensate Plaintiff for infringement of the '341 Patent in an amount to be determined at trial;

For a judgment and order awarding a compulsory ongoing royalty;

For a judgment declaring that Defendant's infringement was willful and for enhancement of damages in accordance with 35 U.S.C. 284;

For a judgment declaring that this case is exceptional and awarding Plaintiff its expenses, costs and attorneys' fees in accordance with 35 U.S.C. § 285 and Rule 54(d) of the Federal Rules of Civil Procedure;

For a judgment awarding Plaintiff prejudgment interest pursuant to 35 U.S.C.§284, and a further award of post judgment interest, pursuant to 28 U.S.C. §1961, continuing until such judgment is paid.

For a judgment awarding Plaintiff enhanced damages under 35 U.S.C. §284; and

For such other relief to which Plaintiff is entitled under the applicable United States laws and regulations or as this Court deems just and proper.

**VIII. DEMAND FOR JURY TRIAL**

Pursuant to the Federal Rules of Civil Procedure Rule 38(b), Plaintiff hereby demands trial by jury as to all claims in this litigation.

        Respectfully submitted,

        */s/ Joseph J. Zito*
        Joseph J. Zito
        DNL ZITO
        1250 Connecticut Avenue, NW Suite 700
        Washington, DC 20036
        202-466-3500
        jzito@dnlzito.com

        Benjamin C. Deming
        DNL ZITO
        3232 McKinney Avenue, #500
        Dallas, Texas 75204
        214-799-1145
        bdeming@dnlzito.com

        *Attorney for H.S. Treasure Contacts, LTD*