**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION**

|  |  |
|---|---|
| H.S. Treasure Contacts, Ltd.<br><br>        Plaintiff<br><br>v.<br><br>Snap, Inc.,<br><br>        Defendant. | Case No. 1:25-cv-01201-RP |

**[PROPOSED] SCHEDULING ORDER**

Pursuant to Federal Rule of Civil Procedure 16, the following [Agreed] Scheduling Order[1] is issued by the Court:

1.    A report on alternative dispute resolution in compliance with Local Rule CV-88 shall be filed on or before **45 days following the Court's claim construction order**.

2.    Plaintiff shall submit a written offer of settlement to opposing parties on or before **five business days after issuance of the Court's claim construction order**, and each opposing party shall respond, in writing, on or before **five business days after receiving the written offer of settlement**. All offers of settlement are to be private, not filed. The parties are ordered to retain the written offers of settlement and responses so the Court may use them in assessing attorney's fees and costs at the conclusion of the trial.

3.    Each party shall complete and file the attached "Notice Concerning Reference to United States Magistrate Judge" on or before **February 27, 2026**.

---

[1] Paragraphs 5 through 11 of this [Proposed] Scheduling Order have been added to provide additional procedures applicable to patent cases.

4.   The parties shall file all motions to amend or supplement pleadings or to join additional parties on or before **October 16, 2026**.

5.   On or before **March 9, 2026**, Plaintiff must serve on all parties its Initial "Disclosure of Assert Claims and Infringement Contentions."[2] Separately for each opposing party, the "Disclosure of Asserted Claims and Infringement Contentions" shall contain the following information:

(a) Each claim of each patent in suit that is allegedly infringed by each opposing party;

(b) Separately for each asserted claim, each accused apparatus, product, device, process, method, act, or other instrumentality ("Accused Instrumentality") of each opposing party of which the party is aware. This identification shall be as specific as possible. Each product, device, and apparatus must be identified by name or model number, if known. Each method or process must be identified by name, if known, or by any product, device, or apparatus which, when used, allegedly results in the practice of the claimed method or process;

(c) A chart identifying specifically where each element of each asserted claim is found within each Accused Instrumentality, including for each element that such party contends is governed by 35 U.S.C. § 112 (¶ 6), the identity of the structure(s), act(s), or material(s) in the Accused Instrumentality that performs the claimed function;

---

[2] The requirements of paragraph 5 are adapted from E.D. Tex. Local Patent Rules 3-1 and 3-2.

**(d)** Whether each element of each asserted claim is claimed to be literally present or present under the doctrine of equivalents in the Accused Instrumentality;

**(e)** For any patent that claims priority to an earlier application, the priority date to which each asserted claim allegedly is entitled; and

**(f)** If a party claiming patent infringement wishes to preserve the right to rely, for any purpose, on the assertion that its own apparatus, product, device, process, method, act, or other instrumentality practices the claimed invention, the party must identify, separately for each asserted claim, each such apparatus, product, device, process, method, act, or other instrumentality that incorporates or reflects that particular claim.

With the "Disclosure of Asserted Claims and Infringement Contentions," the party claiming patent infringement must produce to each opposing party or make available for inspection and copying:

**(a)** Documents (e.g., contracts, purchase orders, invoices, advertisements, marketing materials, offer letters, beta site testing agreements, and third party or joint development agreements) sufficient to evidence each discussion with, disclosure to, or other manner of providing to a third party, or sale of or offer to sell, the claimed invention prior to the date of application for the patent in suit. A party's production of a document as required herein shall not constitute an admission that such document evidences or is prior art under 35 U.S.C. §102;

**(b)** All documents evidencing the conception, reduction to practice, design, and development of each claimed invention, which were created on or before the date of application for the patent in suit or the priority date identified pursuant to P. R. 3-1(e), whichever is earlier; and

**(c)** A copy of the file history for each patent in suit.

6. On or before **June 8, 2026**, Defendant shall serve its Initial Invalidity Contentions in the form of one or more claim charts setting forth where in the prior art references each element of the asserted claim(s) are found. Defendant shall also include an identification of any limitations that Defendant contends are indefinite for lack of written description under 35 U.S.C. § 112 and an identification of any claims that the Defendant contends are directed to ineligible subject matter under 35 U.S.C. § 101. Defendants shall also produce all prior art referenced in the Invalidity Contentions.

7. The following schedule shall apply to claim construction proceedings in this case:

**(a)** On or before **June 15, 2026**, the parties shall simultaneously exchange claim terms for construction. The parties shall thereafter meet and confer for the purposes of finalizing this list and narrowing or resolving differences.

**(b)** On or before **June 29, 2026**, the parties shall simultaneously exchange a preliminary proposed claim construction of each claim term, phrase, or clause which the parties collectively have identified for claim construction purposes. Each such "Preliminary Claim Construction" shall also, for each element which any party contends is governed by 35 U.S.C. § 112 ¶6/(f), identify the structure(s), act(s), or material(s) corresponding to that element.

At the same time the parties exchange their respective "Preliminary Claim constructions," the parties shall disclose any extrinsic evidence, including the identity of any expert witness they may rely upon with respect to claim construction or indefiniteness. With respect to any expert identified, the parties shall identify the scope of the topics for the witness's expected testimony. With respect to items of extrinsic evidence, the parties shall identify each such item by production number or produce a copy of any such item if not previously produced. The parties shall thereafter meet and confer for the purposes of narrowing the issues or resolving differences.

(c) On or before **July 8, 2026**, the parties shall the parties shall simultaneously serve expert reports consistent with Fed. R. Civ. P. 26(a)(2)(B)(i)-(ii) or 26(a)(2)(C) for any expert on which it intends to rely to support its proposed construction or indefiniteness position or to oppose any other party's proposed claim construction or indefiniteness position.

(d) On or before **July 22, 2026**, the parties shall complete any depositions with respect to claim construction.

(e) On or before **July 30, 2026,** the parties shall file a joint claim construction and prehearing statement.

(f) On or before **September 14, 2026**, the Defendant shall file an Opening claim construction brief, including any arguments regarding indefiniteness. The page limit for the Opening claim construction brief shall be 30 pages, exclusive of the caption, signature block, any certificate, and exhibits.

**(g)** On or before **September 28, 2026**, the Plaintiff shall file a Responsive claim construction brief. The page limit for the Responsive claim construction brief shall be 30 pages, exclusive of the caption, signature block, any certificate, and exhibits.

**(h)** On or before **October 5, 2026**, the Defendant shall file a Reply claim construction brief. The page limit for the Reply claim construction brief shall be 15 pages, exclusive of the caption, signature block, any certificate, and exhibits.

**(i)** On or before **October 12, 2026**, the Plaintiff shall file a Sur-Reply claim construction brief. The page limit for the Sur-Reply claim construction brief shall be 15 pages, exclusive of the caption, signature block, any certificate, and exhibits.

**(j)** The Court shall hold a Claim Construction Hearing on **October 21, 2026**.[3] This date is a placeholder, and the Court may adjust this date as the hearing approaches to a date at the Court's convenience.

8. The parties do not agree on a proposed date on which discovery will commence.

**Plaintiff:** Plaintiff proposes that discovery commence immediately after the Rule 26(f) conference, as set forth in Fed. R. Civ. P. 26(a) and 26(d).

**Defendant:** Defendant proposes that fact discovery shall be open 1 business day after the *Markman* hearing.

---

[3] The parties request that the *Markman* hearing in this case be consolidated with the *Markman* hearing in *H.S. Treasure Contacts Ltd. v. PayPal, Inc.*, Case No. 1:25-cv1296-RP, which is set for an initial scheduling conference on April 4, 2026 before Judge Dustin Howell.

9.  On or before **8 weeks after the *Markman* Order** is served, Plaintiff must serve on all parties its Final "Disclosure of Asserted Claims and Infringement Contentions." After this date, leave of Court is required for any amendment to Infringement contentions. This deadline does not relieve the Plaintiff of its obligation to seasonably amend if new information is identified after initial contentions.

10. On or before **12 weeks after the *Markman* Order** is served, Defendant must serve on all parties its Final "Invalidity Contentions". After this date, leave of Court is required for any amendment to the Invalidity contentions. This deadline does not relieve the Defendant of its obligation to seasonably amend if new information is identified after initial contentions.

11. The parties shall complete fact discovery on or before **30 weeks after the *Markman* Order** is served.

12. The parties shall exchange opening expert reports (including all materials required by Federal Rule of Civil Procedure 26(a)(2)(B)) and provide any disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)(C) on or before **33 weeks after the *Markman* Order** is served on issues for which the serving party bears the burden of proof (e.g., infringement, damages, invalidity). The parties shall exchange rebuttal expert reports on non-infringement, validity (including secondary considerations) and damages (including all materials required by Federal Rule of Civil Procedure 26(a)(2)(B) on or before **40 weeks after the *Markman* Order** is served.

13. An objection to the reliability of an expert's proposed testimony under Federal Rule of Evidence 702 shall be made by motion, specifically stating the basis for the objection and identifying the objectionable testimony, within **48 weeks after the *Markman* Order**.

14. The parties shall complete expert discovery on or before **44 weeks after the *Markman* Order** is served.

15. All dispositive motions shall be filed on or before **48 weeks after the *Markman* Order** is served and shall be limited to 30 pages. Responses shall be filed and served on all other parties not later than 14 days after the service of the motion and shall be limited to 30 pages. Any replies shall be filed and served on all other parties not later than 7 days after the service of the response and shall be limited to 10 pages, but the Court need not wait for the reply before ruling on the motion.

16. The Court will set this case for final pretrial conference at a later time. The final pretrial conference shall be attended by at least one of the attorneys who will conduct the trial for each of the parties and by any unrepresented parties. The parties should consult Local Rule CV-16(e) regarding matters to be filed in advance of the final pretrial conference. **The parties shall not complete the following paragraph. It will be completed by the Court at the initial pretrial conference to be scheduled by the Court.**

17. This case is set for _____ trial commencing at 9:00 a.m. on

    _____, 20_____.

    Jury selection may be conducted by a Magistrate Judge and may occur the Friday before the case is set for trial. Because criminal and civil cases are often set for the same trial week, the Court may need to reschedule your trial shortly before the trial date. If the parties resolve their

dispute after 5:00 p.m. the day before jury selection or resolve their dispute earlier but fail to timely notify the Court, the parties may be assessed up to $5,000 for the lost opportunity to schedule other matters and to cover court costs like summoning the jury panel and paying the fees of the jury panel.

The parties may modify the deadlines in this order by agreement, with the exception of the dispositive motions deadline, hearing dates, and trial date. Those dates are firm. The Court may impose sanctions under Federal Rule of Civil Procedure 16(f) if the parties do not make timely submissions under this order. For cases brought pursuant to the Freedom of Information Act (FOIA), the parties may instead follow the standard disclosure process and will have an initial pretrial conference only by request.

SIGNED on _____, 20_____.


_____
ROBERT PITMAN
UNITED STATES DISTRICT JUDGE